United States Court of Appeals for the Ninth Circuit is now in session. Good morning and welcome to the Ninth Circuit. Judge Van Dyke and I are honored to welcome our friend, Andrew Gordon, who is sitting with us by designation. He is sitting in the District of Nevada, so we're honored to have him with us today. Before we get to the argued cases, I want to wish everyone a happy Juneteenth, at least celebrated. I don't think either of you gentlemen is a federal employee, so you're probably not directly affected by this, but we're grateful to our professional staff who are working with us today while their colleagues are off on a frolic and detour. However, in any event, I want to also submit officially some cases today. They are Conklin v. Hill, United States v. Ross, and Wang v. Garland. Those cases are submitted on the brief officially at this point. We'll begin today. We have the case of Marshall v. Bach-Bio, and I believe that Mr. Block, you're representing the petitioner, so please proceed. Thank you very much and good morning, if it pleases the panel, Jeffrey Block for the petitioners, and I am going to attempt to reserve three minutes for rebuttal. If I may, there was no dispute in the district court below that my clients, the three of them, Mr. Marshall, Mr. Chow, and Mr. Karzinski, had by far and away the largest financial interest of any investor seeking to be a lead planner in this case, both individually and collectively. They were otherwise adequate and typical investors, as the district court found, and therefore were entitled to the presumption under the statute to be the lead planner. We submit that the district court committed two clear errors of law in not appointing them as the lead planner. First, the district court essentially held that without a pre-litigation relationship, a group cannot be a lead planner, and that, we submit, is a clear violation of the statute. The statute contains no such qualification. Second, the district court, in making its determination, found and said that it had a pre-litigation without the undue influence of counsel. We submit that's a clear violation of this court's prior decision in Kavanaugh, because in Kavanaugh, the ability to control counsel is not part of the Rule 23 analysis. So we think for those two reasons, the decision was an error to be reversed. Counsel, let's just say, arguendo, that I agree with you on the law. What I'm struggling with here is you're seeking mandamus relief, which you know is rarely granted in our court because of the Bauman factors. Why is it appropriate to grant mandamus relief here when the case law says that the lead plaintiff appointment can be challenged on direct appeal? Well, Your Honor, if I may, I think what we've seen from the prior mandamus petitions in this field, in the lead planner field, and this is Judge Wallace's concurrence in Kavanaugh, the Cohn decision itself, is a couple of other factors. One, the only real effective way to get relief is through a mandamus position. Because what happens is if you appeal at the end of the case, as a practical matter, let's say this case goes forward. Typical securities case can go for three to five years. There could be tens of millions of dollars in legal fees spent. And if we then come up on an appeal, and this court said, yes, that was an error, it should be reversed, to go back and re-litigate the case really makes no sense. And I think one of the second points that we're raising here is the fourth Bauman factor, which is- Counsel, what would the remedy be? Would it have to be that the case would be re-litigated? I mean, is there some other way to make it so that you would take over the case as counsel at that point? I don't know. What would be the remedy? Well, I think if the case went up after a settlement of the case, and there was a belief that there should have been a better settlement, then I think that maybe the entire case gets re-litigated. If it's after a jury finding, depending on how the jury found, maybe there's a jury finding in favor of the defendant. We come up and say, well, if we had litigated the case and properly appointed, it would have been different. So again, it may lead to re-litigating the case. And I also think, if I may, the fourth Bauman factor, the oft-repeated error. Because as a practitioner in this field, what we really are looking for but don't have is guidance. And I think maybe the best example I can give you is, and we cite in our opening petition, page three, note three, you've got two decisions from the Western District of Washington. The self-therapeutics case from 2010, in which the court says, there was nothing per se improper about the group not having a pre-litigation relationship to be a lead planner. A year later, in 2011, also in the Western District of Washington, another district court said, the majority opinion rule is that you need a pre-litigation relationship to be a lead planner. And, you know, we cited a number of cases within our petition, certainly within the Northern District of California, where courts go both ways. Some say, no need for the pre-litigation relationship. Others say, you must have one or you can't proceed. Counsel, can I ask you this? It does seem like in this case, that was sort of the decisive issue for the district court judge. And if I recall correctly, he did that at step three. Can the district court judge, in your view, take into consideration, maybe if it's not decisive, but can the district court judge take into consideration the lack of a pre-existing relationship? And if so, at what step would the district court judge take that, even if it's not decisive, take that into consideration? Sure, Judge Benzike. So I think the Third Circuit in Sundan really lays it out well for us. And I think it's in step two. And what the court in Sundan said is, no need for a pre-litigation relationship. But in step two, what a court should do is look at whether the group can do its job. Can it fairly and adequately represent the interests of the class? Okay, so that's what I was kind of thinking. I'm sorry, I just don't get it. So let's assume what you're saying there makes sense. But the one problem with that is, not really necessarily this case. Because this case, you've got basically the three of the biggest, most impacted folks in your group. But let's say in another case, they cobbled together some group of people with no pre-existing relationship. It's 1,000 people, they have tiny individual impact. But at step two, because the step two analysis doesn't really take into, it doesn't have an opportunity to sort of have a little bit of an adversarial process, right? So step two, they wouldn't be able to, the judge would just be stuck with what you had provided them, right? It wouldn't have any. So that's one problem with that. That's a problem I see with that you could only look at it at step two. It seems like, I understand your position. I think it may theoretically make sense to look at this at step two as a factor or something. But if you don't have an opportunity to look at it at step three, then you don't have the ability to have somebody come in and say, you know what? Um, this isn't going to work because these guys have no pre-existing relationship, but just whatever would be the worst case of that. That's what this is because of the facts. Well, I think two things. One, I think certainly within step two, what a district court can do is it can look at what evidence that group put before the court to establish that it would do the job as a proper lead planner. So if you have the situation where you have the 1,000 plaintiffs that you've had in the past, a court can easily say, you know, one, it's just too large, but two, it just, there's no way 1,000 people can effectively run a case. What we've also seen many of the courts look at is in step two, how do you put before me any evidence that would allow me to think that you can do your job, which would be what most courts look at is did the client submit a declaration? And I think the most important thing about that declaration is, do the claims make it clear? Counselor, I'm following you that a lot of this you could suss out at step two, maybe, but let's assume, use a different example, I think would sort of illustrate my concern, which is, let's say it's only five plaintiffs, but those, these plaintiffs are all suing each other, let's say, and like other litigation, they are just, they're just, and you know, they don't obviously tell the court that at step two and whatever, but wouldn't it be nice if other parties could tell the court that at step three and say, these plaintiffs are, you know, for whatever reason, I'm trying to come up with a reason why it wouldn't be obvious and it wouldn't be something they would disclose, but maybe the other parties would want to disclose at step three to show that they wouldn't, that they, that they wouldn't work. Oh, sure. Judge Benduck, I think that's perfectly appropriate to bring up in step three. If another, and maybe I can answer it this way. I think what happens in step three is what the district court now says is to the other movements. Look, do you have any evidence that you can give me and say, when this group six months or a year from now files a motion for class certification, why I'm not going to grant it? What is it about this group or these investors that would lead me to think that I'm not going to find them to be typical or radical? So if another investor came in, in your hypothetical and said, well, all these people assuming each other, you know, over their business dealings, there's no way they can, they can run this case cohesively. Sure. The district court should take that into consideration. And that would be a proper piece of evidence. It's like adequacy, I guess you would go to adequacy then? Sure. Sure. I think it would demonstrate, it would show to the district court, these people can't work together. I would not appoint them when the defendants come in and make the argument and say, they're not, they're not proper class representatives. Can I focus on this particular set of facts to ask this question? Can a district court's order be clearly erroneous if there's no case directly on point from a court of appeals? I think it can. I think it violates the clear language of the statute. Um, which we have here, but I think there are two court of appeals decisions that are on point. And which are they? Well, Kavanaugh, because Kavanaugh expressly tells us that the ability to control the litigation is not part of the rule 23 analysis. And in Kavanaugh, the court discussed the Fifth Circuit's decision in Compact Computer, in which the Fifth Circuit said, now a lead plaintiff under the PSLRA has to be both sophisticated and demonstrate the ability to control counsel. And Kavanaugh, this court said, no, the PSLRA did not change the typicality or adequacy analysis. So that was an error. Second, you have the Third Circuit's decision in Sendai interpreting a clear statute. And again, the statute simply says person or group of persons. There's no qualifier on what a group of persons may be. Um, so I think there are two circuit court opinions. One certainly binding, and one persuasive. Um, you keep saying that Kavanaugh said that ability to control counsel is not relevant. You know, that just didn't sound particularly intuitive to me. It seems to like that would be something that would be relevant. I think, as I recall, Kavanaugh said that the court can't second guess, you know, their choice of counsel. They didn't pick the best counsel in the court's mind. That makes more sense to me. But as I'm reading, it says, I think he does talk about the ability to perform the functions of lead plaintiff or something that the court could take into account. And I would assume that part of the functions of a lead plaintiff is the relationship with counsel. So is that really right? I guess it's, I'm not, it seems to me like the court can't completely turn a blind eye to the fact that counsel is just completely running the case. I mean, that's why you would, that's why the thousand plaintiffs thing would be a problem. Right. I think, I think maybe the difference, and maybe it's a little subtle, but it's, it's supervising counsel. It's being an active litigant and being involved in the case. And, um, versus what, what the court in context of was controlling the case. And you had mentioned you wanted to save, I think you said three minutes or less than that. Now, do you want to save the time for rebuttal? Yes. If I may. Thank you, your honor. Very well. Uh, I want to be sure I'm pronouncing your name correctly. Is it Cree, Cry? How do we say it properly? Hi, your honor. Thank you. Cry. Very well. I apologize for the Cree part. So please proceed. Thank you. Your honors, Robert Cry for the real party and interest, Angela Bam. This case is here on a petition for a writ of mandamus. So this court's review is extremely narrow. The question's not whether the district was there or even abused its discretion, but whether there was some sort of judicial usurpation of power that warrants the extraordinary remedy of mandamus. And that just hasn't been shown here. Counsel, would you not agree though that, uh, again, arguendo, if, if the statute is clear about who has the presumption to be counsel. Realistically, if a case goes all the way through to trial, as opposed to a settlement, isn't it kind of absurd to assume that you could substitute counsel at that point and really do justice? I mean, would you have a new trial? What would you do? Well, I don't think it's absurd at all, your honor. And that in fact was the posture in Senden, the Senden case out of the third circuit. The only appellate decision that even addresses this issue was a post-final judgment appeal. And it's not a situation where you'd have to redo the entire case. It would be perfectly up to the discretion of the district court to require the newly plaintiff to show, for example, that if you want additional document discovery beyond what was requested the first time around, there needs to be. And then, and then the third, third circuit case, what was done? So in the third circuit case, the error in that case was that the district court had conducted an auction for the appointment of the counsel rather than the plaintiff. And because of the particularities of that case, the court said that even though there was a departure from the statute, it was harmless because the, the law firm that the lead plaintiff wanted appointment was the one that won the auction anyways. So bottom line is we really don't know what the court would have done had there been a decision that the wrong counsel had been picked, right? Not from that decision, but your honor, you don't even need to get to the question of an adequate remedy post appeal, because it's common ground that there must be at least a clear error of law before you even get to the remaining mandamus factors. Got that, but, but if you, if, again, arguendo, if we believe that the statute, the presumption of the statute was not honored in this case, so there was an error of law, again, arguendo, how else do you remedy that problem? It could be taken up after an appeal from a, from any settlement. I mean, most, and again, my, my question is how do you do that? Do you have a new trial? Well, if it's a settlement, typically there wouldn't have been. Assume there's no settlement. Let's assume this goes all the way through. How do you remedy the problem? If it goes all the way through, I would imagine you would need to conduct a new trial with a newly plaintiff. Isn't that an absurd thing though? Having a new trial, cases get renewed. And a new trial after five years? I mean, we're talking a new, a new trial, not, not a new entire course of litigation. If it's one of the very rare securities cases that goes to trial, I don't think it's any new plaintiff. My point is the vast majority of the burdens are things like discovery and a district court can ask. I think it's probably, I think maybe it is absurd, but, but even if you don't have a trial, because a lot of these, of course, don't go to trial. I understand your, but you know, it doesn't really complicate the settlement process because when these, especially in this case, when these biggest, the people have the biggest impact are complaining about the fact that they're not getting the piece of the settlement or whatever they want, you know, this issue is still sort of lurking in the background instead of having been decided up front. So that's just kind of, you know, that, that just creates, it seems like deciding up front would, would at least take that off the table and make it so that you're, you're, you don't have this issue behind it in case, so that you have to do a new settlement. Even to, to, to, to append to that question, isn't it even more important to have the right counsel, if cases are going to settle, the lead plaintiff's counsel is the one that's going to drive settlement, presumably. So isn't it right that we have to get that right on the front end? If that's the court's view, notwithstanding sentence and notwithstanding Z7, which, which said a post-judgment appeal is an adequate remedy. But if the panel is not convinced on that, you know, we're not staking our claim on that. You just don't get to that issue because there's been no clear error of law shown. And if I can turn to the opposing counsel's comments at the very outset, he said there were two errors here. He said the first error was that the district court held below that a group of unrelated litigants can never be appointed lead counsel. And that's simply not what the record shows. Point page 11 of the district court's opinion. The court said, quote, courts generally prefer group members to have a pre-litigation counsel. I think his point with that, I heard him say that. And I thought, I think his point with that was the conclusion I came to when I read this, which is since there was no, since, as I see it, the district court didn't rely on any evidence that was provided by, by, you know, in response to step three. And all he mentioned was this preference. It's sort of the logical inferences that that basically is decisive. And I think that's what his point was. And so I recognize he didn't say in black and white, it's always decisive in every case, but it's hard to see if it was decisive here in a case where, sure, maybe they're unrelated, although there wasn't any evidence offered about it. It was just, at least in the way the opinion's written, it's just the court standards, they haven't provided any evidence that they had a pre-existing relationship, but they're the, but they're the biggest, they're the biggest injured. So if, if, if in this case, it reaches that result, it's pretty much always going to be the case. I think I, I understand he didn't say it black and white, but what he did makes it seem like it's always going to be the case. Two responses, your honor. First of all, it was not just the absence of a pre-litigation relationship. There were other factors, which the district court mentioned, that clearly raised grave concerns about the ability of these plaintiffs to monitor counsel's conduct of the litigation. What were those factors? I'll let you get to the second one, but what were those factors? Sure. So for one thing, throughout the plaintiff's papers below, they repeatedly misspelled the names of one of their own proposed plaintiffs, including in a declaration that that individual signed under penalty of perjury. And if your plaintiffs can't even spell their own names or won't even bother to read the documents to make sure their names are spelled. But Judge Smith wasn't sure how to pronounce your name. I mean, that seems pretty, that seems, I mean, I wouldn't try to pronounce it. That doesn't seem like, you know, that that can happen. I'm trying to remember if I ever misspelled a name. You, you, you think that the misspelling of the plaintiff's name is disqualifying? It's an important factor and it wasn't one error. This was throughout the papers below, including the declaration that he signed. And if it's a conceivably relevant fact, whether these plaintiffs to be adequate class reps can be relied upon to monitor counsel. And if they're just signing papers put before them without even reading them beforehand, that raises grave questions about that. But Mr. Cryer, those are arguments you raised. And on page 10, Judge Logan mentions those arguments to the client. But when he turns to his decision on page 11, he doesn't mention that. He mentions two things. One is the lack of pre-litigation remedy or pre-litigation relationship. And the other is misgivings about the cohesion and ability to control counsel. Those are the only two things he expressed and relies upon for his decision. But the second of those, your honor, I think, subsumes the things you mentioned just a page earlier. His misgivings about the cohesion of this group to control the litigation without undue influence from counsel includes things like, are these plaintiffs actually reading the documents that their lawyers are putting in front of them for signature? So, and on a mandamus petition, I think you have to give the district court the benefit of the doubt that will validate rather than invalidate the court's decision. I think that's the most reasonable reading of how those two parts of the opinion relate to each other. That those factors, like the inability of the, like the fact that the plaintiffs didn't spell their own names correctly in the filings, what fell within and was an important indicator that these individuals were not sufficiently monitoring their counsel's conduct of the litigation. Here's my concern. It appears, arguably, that Judge Logan made his decision on the presumption to favor the Nicola Investor Group 2. And then that step three expressed his misgivings about the cohesion and about a lack of pre-litigation relationship. But in doing so, he relies upon no new evidence to support that. So in a sense, my concern is that the burden would never shift it required to under step three. Rather, he's going back to reconsider what he did in step two. Isn't that in violation of the statute? I don't think so, your honor. Because as ascendant explains and as Kavanaugh explains, the difference between step two and step three is not that they're substantively different standards. They're both adequacy standards, including whether the plaintiffs will monitor counsel. To build on what Judge Gordon said, the statute, regardless of what the cases say, I'm not, the statute says that in step three, the presumption will be rebutted, quote, only upon proof by a member of the reported class that they won't fairly inadequately protest. So that's, I mean, the way a presumption normally works is you got to get some proof to overcome the presumption. And there's no, there was no evidence. So, your honor, if I can take issue with that, there was proof. It was the same document that had already been submitted. And step three, by the other side, by the other side, the principal evidence the district court relied on, step three, was argument and inferences about a previously submitted document that our clients urged the court to make. And there's nothing in the statute that- You don't think that's error to say, to appoint somebody at step two, and that kicks in a presumption on their statute, and then say, and then knock them out by overcoming the presumption based on proof by a member of the reported class, when you're just relying on the same materials that you used at the, at the- No, because it's the same document, but completely different inferences and conclusions that the court's drawing from different aspects of that document. It's everyday judicial experience that at a prima facie stage, at a step in the process where you're just making an unopposed prima facie determination, that there's been an initial showing of adequacy, you can look at a document and maybe draw a couple inferences from it. But then it's everyday judicial experience that the other side gets up, subjects it to adversarial testing, says, well, what about that, that, and that in that same document? And then the court says, you know what, that's a pretty good point. When I look at that, you know, now I have some real questions about it. And yes, it's the same document, but there's simply no rule of logic that says, once you've looked at a document for one purpose, drawn a prima facie finding from it at step two, that the other side's not- I think I'm following your argument. Is the way, practically in this case, is the way that worked is that these documents were put in and it was, and they had, of course, the misspelled things to use that example. And it was your side that pointed out the misspellings? Is that what, so like the judge maybe didn't even notice the misspellings, but then your side, look, there's some spellings. So obviously- Yeah, and not just that, but also our side pointed out the inferences that should be drawn from the joint declaration. The fact that you had class members strewn across the country, and the fact that the declaration just didn't say anything about a relationship between them or about the formation of the class, which the class member group, and those were very conspicuous omissions. And so what we did is we identified proof. Admittedly, it was documents that had already previously been filed. So things like the joint declaration, but we argued to the district court, different inferences that can and should be drawn from that existing proof. And the district court was persuaded by that. And there's just nothing in the statute. The statute says you have to have proof, but doesn't say it has to be new documents or things not previously filed in the district court record. Counselor, let's say arguendo that we agree you can use the same evidence. What in your judgment is the strongest evidence that was presented to the district court that would overcome the statutory presumption in favor of your opponents in this case? I would say it's three things, your honor. It was the joint declaration, what it said and didn't say. It was the misspellings throughout the documents. And then it was the fact that the proposed group had put forward four different law firms to represent them. And all of those three factors strongly suggested that this was a group hastily assembled by counsel for the purpose of winning the lead counsel appointment. And just to be clear, the one case they rely on, the centerpiece of their case, that case specifically says the statute does not invariably preclude a group of unrelated individuals from serving as lead plaintiff. But if a court were to determine that the group was created by the efforts of lawyers, hoping to ensure their eventual appointment as lead counsel, it could well conclude that the members of that group could not be counted on to monitor counsel in a sufficient manner. So there's various things they rely on. Can I, there's another sort of oddity here that I guess is related to what we're talking about, but I haven't had a whole bunch of these cases. So I'm not as familiar with it, but it's kind of odd to me. Why did the largest, the person with the biggest losses team up with other people? But I'm assuming the reason that they did that was to ensure that some other group cobbled together didn't knock out that. Because otherwise, if there were no groups, the person that's part of their group would get it, right? If there were no groups at all, because he would be the, have the largest losses. I think that's right. And if that's right, it's a little bit odd that you knock out this group and you replace it with your client, who's somebody with a lot lower losses when that person is in that group, right? If they'd have done it as a non-group, they would have it. And they've admitted that they forfeited that argument below. I can imagine cases where a group moves for appointment as lead plaintiff and ask in the alternative, if you don't appoint the group, appoint the individuals. The problem here was they never asked for that relief in their opening papers in the district court. And when we pointed that out in response to the petition, in the reply, they'd explicitly waived that argument. They've said they're not making that argument. So that, you know, that interestingly is not the case. What argument are you saying that they waived? That the court, if it didn't think the group would adequately represent the class, should disaggregate the group and appoint one of the group members individually as lead plaintiff? But I take it from that, and maybe I'm misstating Judge Van Dyke's concern. Mine is, you've got these three members of this group all have individually more at stake than your client individually. Isn't this exactly what Congress had in mind in saying, we're going to allow groups, we're going to have the presumptive lead plaintiff be the one with the greatest financial stake. These are three of the four biggest. No, Your Honor, because the statute doesn't say all groups. It says groups that satisfy the requirements for adequacy and who's showing if adequacy hasn't been rebutted by the other parties. So they had the largest stakes, that's conceded. And so for that reason, that's why they got the presumption. But the judge below reasonably concluded that we refuted that presumption based on evidence in the record that raised substantial questions about whether this particular group of investors that conceivably held a lot of stock could be countered upon to monitor counsel in the course of the litigation. And that determination was squarely- As you know, you are over time. So let me ask my colleagues whether either has additional questions for Mr. Cry. Thank you, Mr. Cry. So Mr. Block, you have a little rebuttal time. Thank you, Your Honor. Yes, if I may. Thank you, Your Honor. Let me address one point which was discussed on this question of the district court, whether we argue never appoint a group or what the logical inference is. And I think the district court actually very clearly tells us what his thinking and reasoning was on why he didn't appoint our group. And there were four movements that he considered part of this process. My clients, the next was Mr. Patel, who he found was a day trader who was out. Next, he considered a group that they call themselves the investor group. And this is at page 14 of his decision, which is addendum 14. And the investor group was four unrelated investors who all lived in different states and all hired the same law firm, one law firm. And the court said that it would not appoint the group. And I think the court's reasoning is very telling because what the court said was, this situation presents the same issues as Nicola group two's aggregation. Therefore- So they misspelled their plan of two, I guess, huh? No, I don't think so. But the court said it need not conduct the entire rule 23 analysis. So what the court told us when it came to the investor group, which had lost $1.3 million was your group of unrelated investors I don't have to look at rule 23. I'm not going to appoint you. As far as the last point about the disaggregation, I think of Judge Van Dyke, you were asking about it. Judge Gordon, you were asking about it. Well, exactly. Congress, in passing the PSLRA, made the policy decision and said, we want the investors who lost the most money to be running these cases because they've got the incentive. Mr. Block, let me interrupt. Mr. Cryer raised an argument that I want you to address for me. He argues, and I'll paraphrase, that at step three, his client points out that there are problems with your group. And at step three is when it becomes adversarial. And although they don't present new evidence per se, they're arguing that the evidence in front of the judge was misinterpreted or there's an inference that should be taken. Why isn't that enough at step three, the first time it's adversarial for them to do that? Well, I think they certainly can point to evidence that they think would rebut the presumption. I think the problem here is, number one, the evidence doesn't rebut the presumption. What they point to is, there are four law firms. Well, in Kavanaugh, in Cohen says, the lead plaintiffs get to pick who their lawyers are. And it doesn't say your limited number of lawyers you can have. Tell me why it's clear error, though. It's clear error because, well, one, the court didn't rely on any of that evidence. It didn't cite any of that evidence to say, this is why I find the presumption rebutted. What the court said was, I had misgivings that you can control your lawyers. And the joint declaration actually doesn't support that. The joint declaration actually sets out that these clients all met, made a thoughtful decision to work together. They set up a process and a procedure by how they're gonna oversee the litigation, how they're gonna communicate with each other, that they're gonna communicate outside the presence of their counsel. They're gonna have regular meetings. They're obviously gonna all get together when anything of significance happens in the litigation. Those are all the factors that all the lower courts will look at when they're considering a group that doesn't have a preexisting relationship. And those are all the factors that courts will look at positively and say, that will satisfy that you as your group can do this job. Okay. I believe your time is up. You're answering Judge Gordon's question. So that's perfectly fine. But let me ask Judge Gordon and Judge Van Dyke, whether either of you has additional questions for Mr. Block. Thank you. We thank both counsel. I know that both of you have much more you could tell us. You're both fine lawyers and we appreciate your presentation today. The case of Mersha versus Bao is submitted and we thank you both.
judges: M. Smith, Vandyke, Gordon